```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA

                            ----oo0oo----
```

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JOHN THAT LUONG, et al.,

        Defendants.

NO. CR. S-99-433 WBS

MEMORANDUM AND ORDER RE:
MOTION FOR SEPARATE TRIAL

```
                            ----oo0oo----
```

        Because the court has not addressed his Rule 14 claims of prejudicial joinder, defendant John That Luong renews his motion for a separate trial on Counts One through Three of the October 1, 1999 Indictment.[1]  The indictment names defendant Luong and six other co-defendants.  The government has represented that in each conspiracy, defendant Luong operated as the group's leader.

        Defendant Luong moves for a separate trial on Counts One through Three for two reasons.  First, he contends that severance will allow him to testify on his own behalf for Counts

---

[1] Defendants Thongsouk Theng Lattanphom, Son Van Nguyen, and Houng Ai Le join in this motion.

1

One through Three without incriminating himself in relation to a trial that is currently on appeal.  Second, defendant Luong argues that the homicide charge in Count Three, and in particular, his co-defendants' violent actions during the course of the robbery during which the homicide occurred, will unfairly prejudice the jury against defendant Luong, whose defense is that he had no knowledge of or involvement in the robbery.

Defendant's arguments fail for several reasons.  First, defendant Luong's desire to testify in regard to some counts but not others does not justify severance.  For severance to be warranted on the basis of a defendant's interest in testifying on selective counts only, "a defendant must demonstrate that he has important testimony to give concerning some counts and a strong need to refrain from testifying on others." United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir. 1988) (citing United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)); United States v. Nolan, 700 F.2d 479, 482 (9th Cir. 1983). Additionally, the court should not grant severance "based on [] an unembellished assertion." United States v. Jamar, 61 F.2d 1103, 1108 n.9 (4th Cir. 1977).

In Jamar, the court found that a particularized showing is necessary "so that the court can make an independent evaluation of whether the defendant will be prejudiced to an extent that outweighs the interests favoring joinder." Id.  The court determined that granting severance based upon the defendant's mere assertion of a desire to testify on one count and remain silent on others "would effectively strip the court of its discretion in the matter of joinder, vesting it instead in

2

1 the defendant." Id.

2 Defendant Luong contends that he desires to testify that, with regard to Count One, "he was not a part of the conspiracy to rob the Phnom Pich jewelry store in Stockton, California . . . and that he had no advance knowledge of the plan or attempt to commit the robbery." (Mazer Decl. ¶ 3.) Defendant Luong's counsel contends that Defendant Luong has "a good tactical reason" for refraining from testifying in Counts Four through Nine. (Id. ¶ 4.) Defendant Luong has not provided specific indications of the testimony he seeks to give such that the court can make an independent evaluation of what, if any, prejudice he will suffer absent severance. Defendant Luong's "unembellished assertions" are therefore insufficient to merit severance.

15 Next, defendant Luong contends that there is a risk of prejudicial spillover from his co-defendants' violent actions during the course of a robbery and homicide. Defendant Luong argues that because his co-defendants tied up and assaulted the victims of a robbery of a family-owned jewelry store, and shot one of those victims, there is a risk that the jury will be unable to separate the shocking nature of these events from their consideration of the "scant and conflicting evidence" of his involvement in the conspiracy.

24 "Generally speaking, defendants jointly charged are to be jointly tried." United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980) (citing United States v. Gay, 567 F.2d 916, 919 (9th Cir. 1978)). "[A] joint trial is particularly appropriate where the co-defendants are charged with conspiracy,

3

because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." United States v. Fernandez, 388 F.3d 1199, 1242 (9th Cir. 2004), other portions of opinion modified by United States v. Fernandez, 425 F.3d 1248 (9th Cir. 2005).

Furthermore, "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). "The prejudicial effect of evidence relating to the guilt of co-defendants is generally held to be neutralized by careful instruction by the trial judge." Escalante, 637 F.2d at 1201. It is the defendant's burden to demonstrate that limiting instructions would be insufficient to combat the "'spillover' effect of evidence admitted against a co-conspirator." United States v. Nelson, 137 F.3d 1094, 1108 (9th Cir. 1998).

Defendant Luong has not explained how limiting instructions would be inadequate to address his concerns of spillover prejudice.  He merely contends that his "peripheral leadership role" in the conspiracy renders the violent acts of his alleged co-conspirators irrelevant and unfairly prejudicial to him.  Thus, defendant Luong has failed to show incurable prejudice resulting from the joinder of these counts.

///
///

4

1   IT IS THEREFORE ORDERED that defendant Luong's motion
2 to sever Counts One through Three be, and the same hereby is,
3 DENIED.
4 DATED: August 9, 2006

*William B. Shubb* (signature)
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5