UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JOHN THAT LUONG, et al.,

        Defendants.

NO. CR. 99-433 WBS

ORDER RE: DEFENDANT'S MOTION TO DISMISS

----oo0oo----

        Defendant John That Luong is charged with four counts of conspiracy to commit a robbery under the Hobbs Act, four counts of use of a firearm during a crime of violence, and one count of death caused by use of a firearm during a crime of violence and aiding and abetting.  (Oct. 1, 1999 Indictment.) Defendant now moves to dismiss Counts One through Nine of the indictment for failure to properly allege the offenses charged, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B).[1]

        An indictment must inform the defendant of "the nature

---

[1] Defendants Houng Ai Le, Son Van Nguyen, Thongsouk Theng Lattanphom, and Minh Huynh join in this motion.

1

and cause of the accusation in order that he may meet it and prepare for trial, and after judgment, be able to plead the record and judgment in bar of a further prosecution for the same offense." Wong Tai v. United States, 273 U.S. 77, 80-81 (1927). Additionally, the indictment serves to "ensure that the defendant is being prosecuted on the basis of facts presented to the grand jury and to allow the court to determine the sufficiency of the indictment." United States v. Lane, 765 F.2d 1376, 1380 (9th Cir. 1985). To meet these ends, "[a]n indictment must set forth each element of the crime that it charges." Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)).

"Failure to allege an essential element of the offense is a fatal flaw not subject to mere harmless error analysis." See, e.g., United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999) (holding that "if properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal"). Nevertheless, "[t]he use of a 'bare bones' information--that is one employing the statutory language alone--is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." United States v. Crow, 824 F.2d 761, 762 (9th Cir. 1987); see also United States v. Woodruff, 50 F.3d 673, 676 (9th Cir. 1995).

Defendant first contends that Count One of the indictment is insufficient because it alleges that defendants

2

acted "knowingly" and "unlawfully," but not that they acted "willfully," in the commission of the robbery.  Defendant argues that for this reason, Count One and other, dependent counts should be dismissed.

"[T]he appropriate mens rea [for a Hobbs Act charge is] that of acting 'knowingly or willingly.'" United States v. Soriano, 880 F.2d 192, 198 (9th Cir. 1989)(emphasis added); see also Du Bo, 186 F.3d at 1179 ("Although not stated in the Hobbs Act itself, criminal intent--acting 'knowingly or willingly'--is an implied and necessary element that the government must prove for a Hobbs Act conviction." (emphasis added)).  Thus, the government must prove a mens rea of either knowingly or willfully.[2]  Here, the indictment alleges that defendants "did knowingly and unlawfully agree and conspire".  (Oct. 1, 1999 Indictment 1-2.)  Therefore, the allegations in Count One of the indictment are sufficient to state an offense, and neither this count nor other, dependant counts should be dismissed.

---

[2] Defendant cites United States v. Capati, 980 F. Supp. 1114 (S.D. Cal. 1997), for the proposition that specific intent is a necessary element of robbery under the Hobbs Act.  However, this proposition does not disturb the court's determination for several reasons.  First, Count One alleges conspiracy to commit robbery under the Hobbs Act.  Second, as discussed in the text, the Ninth Circuit has more clearly explained in Du Bo that an allegation of knowing or willful conduct is sufficient to allege a violation of the Hobbs Act, and such an allegation has been made here.  Finally, the restrictiveness of the court's interpretation of the Hobbs Act in Capati and in a case cited therein, United States v. Nedley, 255 F.2d 350 (3d Cir. 1958), has been called into question by Supreme Court cases describing the sweeping language and scope of the Hobbs Act.  See United States v. Thomas, 8 F.3d 1552, 1563 (11th Cir. 1993) ("Supreme Court cases interpreting the Hobbs Act, although not specifically rejecting Nedley, indicate that it may have been wrongly decided." (citing United States v. Culbert, 435 U.S. 371, 373, 380 (1978); Stirone v. United States, 361 U.S. 212, 215 (1960))).

1    Additionally, defendant contends that Count One does
2 not provide sufficient notice of whether the allegations involve
3 conspiring to obstruct commerce by armed robbery of individuals
4 or of a business.  (Defs.' Mot. to Dismiss the Indictment 5.)
5 "Robbery of an interstate business . . . typically constitutes
6 sufficient evidence to satisfy the Hobbs Act's interstate
7 commerce element."  United States v. Rodriguez, 360 F.3d 949, 955
8 (9th Cir. 2004).  By contrast, there are heightened requirements
9 for a charge of robbery under the Hobbs Act when it is directed
10 at an individual.  Id.  More specifically, the government must
11 show that the defendant "(1) stole from a person 'directly and
12 customarily engaged in interstate commerce;' (2) created a
13 likelihood that the assets of an entity engaged in interstate
14 commerce would be depleted; or (3) victimized [many people] or
15 took a sum so large that there was 'some cumulative effect on
16 interstate commerce.'"  United States v. Lynch, 282 F.3d 1049,
17 1055 (9th Cir. 2002).

18    However, the language in the indictment is sufficiently
19 clear to put defendants on notice that the indictment alleges the
20 robbery of a business.  In Rodriguez, the court noted that "the
21 indictment specifically stated that the intended targets of the
22 robbery were 'narcotics traffickers'," and therefore found "that
23 an intended robbery of cocaine from narcotics traffickers is the
24 robbery of a business . . . ."  Id. at 955-56.  Here, the
25 indictment alleges the defendants obstructed and affected
26 commerce "by armed robbery . . . by threatening physical violence
27 against another person, to wit: the owners and employees of Phnom
28 Pich Jewelry Store, a company which does business in foreign and

4

interstate commerce." (Oct. 1, 1999 Indictment 2.)  As in Rodriquez, the victims of the crime are not named or identified as strictly as individuals, but with regard to their relationship to a certain type of business.  Thus, the indictment sufficiently puts defendants on notice of the fact that they are charged with conspiring to obstruct commerce by armed robbery of a business.

Defendant further argues that Count Three of the indictment, which charges defendants under 18 U.S.C. §§ 924(j), is insufficient because it erroneously alleges an underlying predicate offense not enumerated in § 924(j)(1) and does not allege the requisite intent for an enumerated felony.[3]  Count Three alleges that defendants "did cause, and did aid and abet in causing the death of a human being . . . through the use of a firearm" in the course of committing a violation of 18 U.S.C. § 924(c)(1), and that the killing was murder. See United States v. Nguyen, 155 F.3d 1219, 1225 (10th Cir. 1998) ("One is guilty of violating 18 U.S.C. § 924(j)(1) if he caused the death of a person while using a firearm to commit a crime of violence in violation of section 18 U.S.C. § 924(c)(1).").

The section at issue in Count Three, § 924(j), has two components: (1) causing the death of another through the use of a firearm during the commission of a crime of violence, referencing § 924(c); and (2) that the killing be murder as defined in § 1111.  In turn, § 1111(a) defines murder as "the unlawful killing of a human being with malice aforethought," but additionally

---

[3] Count Three incorrectly lists "18 U.S.C. § 924(i)(1) and 2" as the statute under which the offenses are charged.  This statute is currently designated as §§ 924 (j)(1) and (2).

allows for liability under the felony murder rule.[4]  Defendants' arguments infer that Count Three charges them with felony murder.

This court has already determined that the language at issue here does not necessarily allege felony murder.  Transcript of Jury Trial Record, Vol. 14, United States v. Thy Chann, No. 99-433 at 2320-39 (Jun. 2, 2003).  As the court previously observed, the government's failure to actually charge defendants with an underlying felony offense, namely robbery, and to allege the requisite mens rea precludes a finding that the indictment depends upon proof of felony murder.  The language regarding "the aforementioned robbery" simply serves to explain the crime of violence that the firearm was used in connection with, thereby fulfilling a requirement of the first component of § 924(j)-- which references § 924(c).

By contrast, the relevant language regarding the second component of § 924(j)-requiring a violation of § 1111--was the allegation that defendants caused the death of a human being and that the killing was murder.  Section 1111 requires that the killing be murder, and it includes first and second degree murder as well as felony murder.  The court previously noted that because the indictment did not clearly charge the defendants with

---

[4] In its unpublished disposition, the Ninth Circuit rejected the argument now being made by defendants when it was raised by the three previously-convicted defendants in this case (Bao Lu, Thy Chann, and Son Van Nguyen).  The law of the case doctrine, however, only "applies to the same case when the parties in the subsequent proceeding were also the parties to the former appellate decision."  United States v. Maybusher, 735 F.2d 366, 370 (9th Cir. 1984) (concluding that the law of the case doctrine was inapplicable where defendant had not been a party to the appellate decision that the government sought to apply). Here, defendant Luong was not a party to the earlier appeal.

felony murder, it was unnecessary that the defendants be charged with the underlying felony. Defendant's arguments that the indictment is insufficient rest upon the incorrect inference that Count Three contains an charge of felony murder, when the charge is simply one of aiding or abetting murder without specification as to its degree. Because the requirements with regard to felony murder are irrelevant to Count Three, this challenge to the sufficiency of the indictment also fails.[5]

To the extent that defendants argue that Count Three is still insufficient with regard to its allegation of <u>mens rea</u>, in <u>United States v. Ricketts</u>, the court found that a count was sufficiently alleged when it charged the defendant with "a firearm murder during or in relation to a drug trafficking crime, 18 U.S.C. § 924(j)." 317 F.3d 540, 545 (6th Cir. 2003) (noting that "[a]ny additional language in count three indicating that [the defendant] committed premeditated murder is clearly extraneous and unnecessary to convict the defendant under section 924(j).") (citing <u>United States v. Miller</u>, 471 U.S. 130, 136 (1985)). Defendants here have been given sufficient notice of the murder charge in Count Three by the inclusion of language in the indictment that tracks the requirements explained in <u>Ricketts</u>.

///
///

---

[5] Moreover, in the interest of certainty and consistency, this court "will not deviate from the path selected" in another decision by the court on this issue. <u>Adams v. Charter Commc'ns VII, LLC</u>, 356 F. Supp. 2d 1268, 1273 (M.D. Ala. 2005). This approach is especially warranted where, as here, the Court of Appeals has already in effect affirmed the court's decision.

7

1    IT IS THEREFORE ORDERED that defendant's motion to
2 dismiss Counts One through Nine of the Indictment be, and the
3 same hereby is, DENIED.
4 DATED:  August 18, 2006

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE