UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JOHN THAT LUONG, et al.,

        Defendants.

NO. CR. 99-433 WBS

ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION; MOTION TO UNSEAL GRAND JURY TRANSCRIPTS

----oo0oo----

        Defendant John That Luong moves for reconsideration of this court's order of August 18, 2006, denying defendant's motion to dismiss all of the charges in the indictment against him for failure to properly allege the offenses charged. Defendant also moves to unseal grand jury transcripts pursuant to Federal Rule of Criminal Procedure 6(e).[1]

I.   <u>Sufficiency of the Indictment</u>

---

[1] Defendants Houng Ai Le, Thongsouk Theng Lattanphom, Minh Huynh, and Son Van Nguyen join in the motion for reconsideration. Defendant Son Van Nguyen also joins the motion to unseal grand jury transcripts.

1

An indictment must inform the defendant of "the nature and cause of the accusation in order that he may meet it and prepare for trial, and after judgment, be able to plead the record and judgment in bar of a further prosecution for the same offense." Wong Tai v. United States, 273 U.S. 77, 80-81 (1927). Additionally, the indictment serves to "ensure that the defendant is being prosecuted on the basis of facts presented to the grand jury and to allow the court to determine the sufficiency of the indictment." United States v. Lane, 765 F.2d 1376, 1380 (9th Cir. 1985). To meet these ends, "[a]n indictment must set forth each element of the crime that it charges." Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)).

The court has examined the moving papers and heard oral arguments now for the second time. The court will withdraw the order of August 18, 2006. It would serve no useful purpose to attempt to address every nuance of defendant's arguments in this order. To do so would risk unnecessarily commenting on what evidence may be admitted at trial and how the jury will be instructed. The sole issue before the court in this motion is whether the indictment is sufficient. The court concludes that the indictment sufficiently states offenses against the United States. The indictment clearly alleges and charges all elements of conspiracy to commit robbery under the Hobbs Act, use of a firearm during a crime of violence, and death caused by use of a firearm during a crime of violence and aiding and abetting.

II. Grand Jury Transcripts

Defendant moves to unseal grand jury transcripts

1  relating to the testimony and instructions of the specific
2  objects of the alleged robberies underlying Counts 1, 4, 6, and 8
3  pursuant to Federal Rule of Criminal Procedure 6(e).
4  Specifically, defendant argues that grounds "exist to dismiss the
5  indictment because of a matter that occurred before the grand
6  jury." Fed. R. Crim. P. 6(e)(3)(E)(iii).  Under Rule 6(e),
7  parties seeking disclosure "must show that the material they seek
8  is needed to avoid a possible injustice in another judicial
9  proceeding, that the need for disclosure is greater than the need
10 for continued secrecy, and that their request is structured to
11 cover only material so needed."  Douglas Oil Co. v. Petrol Stops
12 Nw., 441 U.S. 211, 222 (1979).

13        The interests of continued grand jury secrecy are
14 reduced, but not eliminated, when the grand jury has ended its
15 activities.  Id.; see also United States v. Plummer, 941 F.2d
16 799, 806 (9th Cir. 1991) ("The importance of secrecy in grand
17 jury proceedings extends to the effect on future grand juries,
18 not just the particular grand jury involved, which may have
19 completed its proceedings long before a defendant's request for
20 transcripts.")  Disclosing grand jury transcripts is in the sound
21 discretion of the district court.  United States v. Plummer, 941
22 F.2d at 806 ("The decision to release or not release grand jury
23 transcripts is reviewed for abuse of discretion.")

24        Defendant specifically requests those portions relating
25 to whether the grand jury's intent was to charge the defendant
26 with robbery of a business or robbery of individuals.  Although
27 defendant's request is narrowly tailored, the court concludes
28 that the indictment is sufficiently clear to put defendant on

notice that the indictment alleges robbery of a business. The indictment alleges that the defendant obstructed and affected commerce "by armed robbery . . . by threatening physical violence against another person, to wit: the owners and employees of Phnom Pich Jewelry Store, a company which does business in foreign and interstate commerce." (Oct. 1, 1999 Indictment 2.)

In <u>United States v. Rodriguez</u>, the court noted that "the indictment specifically stated that the intended targets of the robbery were 'narcotics <u>traffickers</u>'," and therefore found "that an intended robbery of cocaine from narcotics traffickers is the robbery of a business . . . ." 360 F.3d 949, 955-56 (9th Cir. 2004.) As in <u>Rodriguez</u>, the victims of the crime alleged here are not named or identified strictly as individuals, but with regard to their relationship to a certain type of business. Thus, the indictment sufficiently puts defendants on notice of the fact that they are charged with conspiring to obstruct commerce by armed robbery of a business.

The court sees no significant difference between the robbery of narcotic trafficers, as in <u>Rodriguez</u>, and the robbery of a jewelry store, as in this case, in their connection to interstate commerce. "Robbery of an interstate business . . . typically constitutes sufficient evidence to satisfy the Hobbs Act's interstate commerce element." <u>Rodriguez</u>, 360 F.3d at 955. The indictment alleges that the Phnom Pich Jewelry Store does business in foreign and interstate commerce.

Defendant's argument that the indictment may ambiguously allege robbery of individuals in contrast to a business is without merit. There are additional requirements,

4

not alleged here, for a charge of robbery under the Hobbs Act when it is directed at an individual.  Id.  Specifically, where the robbery was directed at an individual, the government must show that the defendant "(1) stole from a person 'directly and customarily engaged in interstate commerce;' (2) created a likelihood that the assets of an entity engaged in interstate commerce would be depleted; or (3) victimized [many people] or took a sum so large that there was 'some cumulative effect on interstate commerce.'"  United States v. Lynch, 282 F.3d 1049, 1055 (9th Cir. 2002).

The indictment is sufficiently clear.  The court fails to see how disclosure would avoid injustice in this judicial proceeding.  The residual interest of grand jury secrecy also counsels against disclosure.  Accordingly, the court will deny defendant's motion to unseal grand jury transcripts.

IT IS THEREFORE ORDERED that this court's order of August 18, 2006, is WITHDRAWN;

IT IS FURTHER ORDERED that defendant's motion to dismiss all counts of the indictment be, and the same hereby is, DENIED; and

IT IS FURTHER ORDERED that defendant's motion to unseal grand jury transcripts be, and the same hereby is, DENIED.

DATED:  March 12, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE