UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN THAT LUONG,<br><br>　　　　Defendant. | NO. CR-99-433-01 WBS<br><br>ORDER |

----oo0oo----

On April 29, 2015, the Ninth Circuit Court of Appeals affirmed defendant John That Luong's conviction, partially vacated his sentences under 18 U.S.C. § 924(c), and remanded for resentencing. (Docket No. 1623.)[1] The Ninth Circuit vacated defendant's conviction and sentence on Count 2. (Id. at 6.) It also vacated the sentence on Count 5 and instructed the court to resentence defendant to five years' imprisonment on that count. (Id. at 6.) On September 1, 2015, the parties submitted a

---

[1] The mandate issued on July 20, 2015. (Docket No. 1624.)

1  stipulation and proposed order for the amended sentence in
2  accordance with the Ninth Circuit's decision.  (Docket No. 1630.)
3  　　　　　On October 27, 2015, defendant's appointed counsel
4  moved to withdraw at defendant's request based on a conflict.
5  (Docket No. 1633.)  The court granted the motion and ordered that
6  defendant be brought before the court for his resentencing.
7  (Docket No. 1635.)  Counsel's motion was also filed and granted
8  in the Ninth Circuit.  Defendant, proceeding pro se, now moves to
9  waive his appearance and allocution at resentencing before this
10 court.  (Docket No. 1636.)
11 　　　　　"The Sixth Amendment secures to a defendant who faces
12 incarceration the right to counsel at all 'critical stages' of
13 the criminal process."  Iowa v. Tovar, 541 U.S. 77, 87 (2004).
14 "It has long been understood that sentencing is a 'critical
15 stage' at which a defendant is entitled to counsel."  United
16 States v. Yamashiro, 788 F.3d 1231, 1235 (9th Cir. 2015); see
17 also Mempa v. Rhay, 389 U.S. 128, 136-37 (1967) (holding that a
18 deferred sentencing hearing is a critical stage despite the
19 limited discretion afforded the sentencing judge).  "[T]he
20 absence of counsel during a critical stage of a criminal
21 proceeding is precisely the type of 'structural defect' to which
22 no harmless-error analysis can be applied."  United States v.
23 Hamilton, 391 F.3d 1066, 1070 (9th Cir. 2004).
24 　　　　　"Once a defendant makes an unequivocal request to
25 proceed pro se, the court must hold a hearing--commonly known as
26 a Faretta hearing--to determine whether the defendant is
27 knowingly and intelligently forgoing his right to appointed
28 counsel."  United States v. Farias, 618 F.3d 1049, 1051–52 (9th

Cir. 2010).  "In order to deem a defendant's Faretta waiver knowing and intelligent, the district court must insure that he understands 1) the nature of the charges against him, 2) the possible penalties, and 3) the 'dangers and disadvantages of self-representation.'"  United States v. Erskine, 355 F.3d 1161, 1167 (9th Cir. 2004) (citation omitted).  "This is best accomplished by the trial court conducting a discussion with the defendant, in open court and on the record, of the critical elements and risks of self-representation."  McCormick v. Adams, 621 F.3d 970, 976-77 (9th Cir. 2010).  "It is an unusual case where, absent such a colloquy, a knowing and intelligent waiver of counsel will be found."  United States v. Rylander, 714 F.2d 996, 1005 (9th Cir. 1983).

        Defendant has attached a one-paragraph affidavit to his motion simply stating that he does not "wish to appear in person" for resentencing.  Given that defendant has been represented by two different attorneys during the course of these proceedings, the court is reluctant to say with certainty that defendant has knowingly and voluntarily waived his right to counsel at resentencing.  Therefore, before resentencing, the court will conduct the appropriate inquiry to ensure that defendant is "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open."  Faretta v. California, 422 U.S. 806, 835 (1975); see Patterson v. Illinois, 487 U.S. 285, 298-300 (1988) ("[W]e have imposed the most rigorous restrictions on the information that must be conveyed to a defendant, and the procedures that must be observed, before permitting him to waive

3

his right to counsel.")  "It is the solemn duty of a federal judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of this constitutional right at every stage of the proceedings."  Von Moltke v. Gillies, 332 U.S. 708, 722 (1948).

        IT IS THEREFORE ORDERED that defendant's motion to waive his appearance and allocution at resentencing be, and the same hereby is, DENIED.

        The United States Attorney shall make the necessary arrangements for defendant to be brought to court for resentencing, in accordance with this Order.

        IT IS SO ORDERED.

Dated:   November 12, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE