UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOHN THAT LUONG,<br><br>                    Defendant. | CR. NO. 2:99-00433 WBS<br><br>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS COUNTS TWO, THREE, FIVE, SEVEN, AND NINE |

----oo0oo----

Presently before the court is defendant John That Luong's motion to dismiss counts two, three, five, seven, and nine of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2) in light of the recent Supreme Court decision, Johnson v. United States, 135 S. Ct. 2551 (2015). (Docket No. 1686.) Counts two, five, seven, and nine charged Luong with the use of a firearm during a crime of violence, 18 U.S.C. § 924(c),

1

and identified the crime of violence as conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a).[1]  (Indictment (Docket No. 1).)  Count three charged Luong with death caused by use of a firearm during a crime of violence, that is, conspiracy to commit Hobbs Act robbery.  (Id.)

To avoid repetition, the court will refrain from reciting the factual and procedural background, the court's analysis of Johnson, and the court's application of Johnson to the residual clause of § 924(c), all of which remain the same as in its February 1, 2016 Order granting co-defendants Thongsouk Theng Lattanaphom and Minh Huynh's motion to dismiss.  (Feb. 1, 2016 Order (Docket No. 1659); Am. Feb. 1, 2016 Order (Docket No. 1668).)

The court reiterates that it has jurisdiction over Luong's motion to dismiss under Rule 12, as amended in 2014. Rule 12(b)(2) provides that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2).  Luong is challenging this court's jurisdiction by arguing that the statute under which he was convicted, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally void for vagueness.  (Def.'s Mot. at 5-6 (Docket No. 1686).)  Further, Luong's case is pending before this court because it was remanded by the Ninth Circuit for resentencing.  (Ninth Cir. Mandate (Docket No. 1623); see Feb. 1, 2016 Order at 3-6); see also United States v. Rios-Hernandez, Cr. No. 3:93-00091 HDM, 2013 WL

---

[1] The Ninth Circuit remanded with instructions to vacate the conviction and sentence corresponding to count two and, as a result, the court must vacate count two irrespective of defendant's motion.

2

4857952, at *1 (D. Nev. Sept. 10, 2013) (holding a "case is no longer 'pending' within the meaning of Rule 12(b) after the judgment becomes final."); Clay v. United States, 537 U.S. 522, 525, 527 (2003) (finding a judgment of conviction becomes final in the context of post-conviction relief when the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari, or when the time for seeking certiorari review expires); United States v. Colvin, 204 F.3d 1221, 1222-25 (9th Cir. 2000) (finding that a judgment becomes final in the context of post-conviction relief when the time has passed for appealing the district court's entry of judgment or entry of amended judgment on remand).

The court is unpersuaded by the government's argument that conspiracy to commit Hobbs Act robbery is a crime of violence under the force clause of § 924(c) and, as a result, the constitutional question of whether the residual clause is void for vagueness can be avoided altogether. (Gov't Opp'n at 9, 12 (Docket No. 1688).) Under the force clause, a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

The three elements of conspiracy to commit Hobbs Act robbery are: "(1) two or more people agreed to commit a robbery or extortion of the type discussed in the Hobbs Act; (2) the defendant had knowledge of the conspiratorial goal; and (3) the defendant voluntarily participated in trying to accomplish the conspiratorial goal." United States v. Si, 343 F.3d 1116, 1123-24 (9th Cir. 2003). An overt act in furtherance of the goal of

3

1  the conspiracy is not required.  United States v. Dennis, Civ.
2  No. 11-141 BLG RFC, 2013 WL 704482, at *7 (D. Mont. Feb. 27,
3  2013), aff'd, 569 Fed. Appx. 533 (9th Cir. 2014) ("Unlike the
4  crime of attempted robbery to affect commerce, to convict
5  [defendant] of conspiracy to commit robbery affecting commerce
6  under 18 U.S.C. § 1951(a), the United States need not prove
7  [defendant] took a 'substantial step' towards the commission of
8  the crime.").
9           The jury instructions in this case defined conspiracy
10  to commit Hobbs Act robbery as:
11      [A] kind of criminal partnership – an agreement of two
        or more persons to commit one or more crimes.  The
12      crime of conspiracy is the agreement to do something
        unlawful; it does not matter whether the crime agreed
13      upon was committed. . . .  You must find that there was
        a plan to commit robbery which if successful would have
14      affected interstate or foreign commerce as an object of
        the conspiracy, with all of you agreeing on the
15      particular crime which the conspirators agreed to
        commit.
16
17  (Jury Instruction No. 27 (Docket No. 1071).)  The jury was
18  therefore not required to find that Luong used, attempted to use,
19  or threatened to use physical force in order to find him guilty
20  of conspiracy.  (Id.)
21           The Ninth Circuit has never held that conspiracy to
22  commit Hobbs Act robbery is a crime of violence under the force
23  clause.  In United States v. Mendez, 992 F.2d 1488 (9th Cir.
24  1993), the Ninth Circuit held that conspiracy to commit Hobbs Act
25  robbery qualifies as a crime of violence under the residual
26  clause.  Id. at 1491.  The defendants in Mendez were indicted for
27  conspiring to commit Hobbs Act robbery and carrying or using a
28  firearm in the commission of a crime of violence under § 924(c).

4

Id. at 1489. The Ninth Circuit analyzed whether conspiracy to commit Hobbs Act robbery is a crime of violence using a modified categorical approach. It found that a modified categorical approach was necessary because a "person may be convicted for violating § 1951 if he interferes with interstate commerce by [1] robbery, [2] extortion, [3] attempting or [4] conspiring to rob or extort, or [5] committing or threatening violence in furtherance of a plan or purpose to violate the statute." Id. at 1490. The Ninth Circuit found that the Hobbs Act is therefore a divisible statute that describes "crimes of both violence and non-violence." Id.

The Ninth Circuit explained that Hobbs Act robbery "indisputably qualifies as a crime of violence" because it contains an element of "actual or threatened force, or violence."[2] Id. It further reasoned that "where conspirators agree to use 'actual or threatened force, or violence' to obtain personal property from another, § 1951(b)(1), the risk that physical force may be used in the course of the conspiracy is substantial within the meaning of § 924(c)(3)(B)." Id. at 1492. The Ninth Circuit therefore concluded that, because of this substantial risk, a conspiracy to commit Hobbs Act robbery is a crime of violence under the residual clause, or subsection (B).[3]

---

[2] The Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1) (emphasis added).

[3] Several other circuits have also found that conspiracy to

It made clear, however, that it was "not address[ing] whether conspiracy to rob in violation of § 1951 is a 'crime of violence' under subsection (A)," or the force clause. Id. at 1491.

The court therefore finds that conspiracy to commit Hobbs Act robbery does not have as an element the use or attempted use of physical force and is not a crime of violence under the force clause. If it were not for Johnson, this court would be compelled to conclude, as the Ninth Circuit did in Mendez, that conspiracy to commit Hobbs Act robbery is a crime of

---

commit Hobbs Act robbery is a crime of violence under the residual clause. See United States v. Elder, 88 F.3d 127, 129 (2d Cir. 1996) (finding conspiracy to commit Hobbs Act robbery to be a crime of violence under the residual clause because "such a meeting of the minds enhances the likelihood that the planned crime will be carried out" and "when a conspiracy exists to commit a crime of violence . . . the conspiracy itself poses a 'substantial risk' of violence"); United State v. Turner, 501 F.3d 59, 67-68 (1st Cir. 2007) (reasoning that "the object of the conspiracy is the critical determinant of its nature" and concluding that conspiracy to commit Hobbs Act robbery is a crime of violence under the residual clause even though there is no overt act requirement); United States v. Phan, 121 F.3d 149, 152-53 (4th Cir. 1997) (finding that "Hobbs Act conspiracy to commit robbery, however, is a separate crime of violence providing its own predicate for § 924(c)(1) liability" and citing Elder as "holding that Hobbs Act conspiracy to commit armed robbery is by definition a felony involving substantial risk that physical force may be used and therefore is a proper predicate for a § 924(c)(1) conviction"); United States v. Taylor, 176 F.3d 331, 337-38 (6th Cir. 1999) ("[A] conspiracy to commit a robbery that violates the Hobbs Act is necessarily a conspiracy that, by its nature, involves a substantial risk that physical force may be used against the person or property of another, and therefore is a crime of violence within the meaning of section 924(c)."). But see United States v. Redmond, Cr. No. 3:14-00226 MOC, 2015 WL 5999317, *4 (W.D.N.C. Oct. 13, 2015) (looking to the indictment, which charged the defendant with conspiring to obstruct, delay, and affect commerce by robbery, by taking, or by conspiring to take personal property from victims "against their will and by means of actual and threatened force, violence, and fear of immediate and future injury," and concluding that the underlying conviction included "as an essential element 'physical violence' or 'a threat of physical violence'" and was therefore a crime of violence under the force clause).

6

1  violence under the residual clause.  However, because the court,
2  for all the reasons explained in its previous Order (See Feb. 1,
3  2016 Order at 10-13), concludes that the residual clause is
4  unconstitutional under Johnson, the court must grant defendant's
5  motion to dismiss.
6         IT IS THEREFORE ORDERED that defendant's motion to
7  dismiss counts two, three, five, seven, and nine of the
8  Indictment (Docket No. 1686) be, and the same hereby is, GRANTED.
9  Dated:  April 20, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE